**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 24-231-DLB**

**JAMES KLOPFER**                                                                               **PLAINTIFF**

**VS.**                                    **MEMORANDUM OPINION AND ORDER**

**PINNACLE RECOVERY WORKS, et al.**                                  **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

James Klopfer is incarcerated at the Kenton County Detention Center in Covington, Kentucky.  Proceeding without a lawyer, Klopfer filed a complaint with this Court.  (Doc. # 1).  That pleading is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

In Klopfer's complaint, he names multiple rehabilitation centers as defendants and asserts various allegations related to his experiences at those centers.  (Doc. # 1).  Klopfer then characterizes the defendants as both state/local and federal officials and suggests he is pursuing legal claims against them pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See id.* at 3-5).  For relief, Klopfer says he wants millions of dollars in damages. (*Id.* at 5).

The Court has reviewed Klopfer's complaint but will dismiss his pleading without prejudice because, as presently drafted, it fails to state a claim upon which relief may be granted against the named defendants.  The United States Court of Appeals for the Sixth

1

Circuit has explained that "[a] § 1983 claim must satisfy two elements:  1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law."  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).  Similarly, to proceed under *Bivens*, a plaintiff must explain how each defendant acted under color of federal law, a point made clear by the Court-approved complaint form that Klopfer completed.  (*See* Doc. # 1 at 4).  Here, Klopfer asserts various legal claims, but he does not allege that any of the defendants were state or federal actors or were otherwise acting under the color of state or federal law, as required to proceed in this civil rights action.  (*See id.*).  Absent such allegations, Klopfer's complaint is simply unavailing.

In light of the foregoing, the Court will dismiss Klopfer's present pleading.  The Court's dismissal, however, will be without prejudice to Klopfer's right to file a new complaint, and thus initiate a new civil action, in which he puts forth allegations vis-à-vis the state/federal actor issue and/or asserts other viable legal claims against the named defendants.  Forms needed to initiate a new civil action are available upon request from the Clerk's Office.

Accordingly, it is **ORDERED** as follows:

(1)    Klopfer's complaint (Doc. # 1) is **DISMISSED** without prejudice;

(2)    This action is **STRICKEN** from the Court's docket; and

(3)    The Court will enter a corresponding Judgment.

This 4th day of February, 2025.



Signed By:

*David L. Bunning*

**United States District Judge**

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Klopfer 24-231-DLB Memorandum CDS.Docx